IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT S. HERREID, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No. _____ |
| | § | |
| NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY | § § § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Robert S. Herreid, for his Complaint against Northwestern Mutual Insurance Company, would show as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff is an individual.

2. Defendant is a corporation and may be served through its registered agent for service of process in Texas, C. Tait Cruse, 5420 Lyndon B. Johnson Freeway, Suite 1300, Two Lincoln Center, Dallas, Texas 75240-6299.

3. Jurisdiction is proper on the ground of diversity under 28 U.S.C. § 1332 based on Plaintiff being a citizen of Texas and Defendant neither being organized under the laws of the state of Texas or maintaining its place of business in Texas.

4. Venue is proper.

### Facts

5. Prior to September 6, 2019, Defendant issued individual long-term disability insurance policies to Plaintiff numbered D1070977, D1118899 and D1219865 ("individual policies").

COMPLAINT – Page 1

6. Prior to September 6, 2019, Plaintiff was employed as an Information Technology Services Product Manager with DXC Technology, and then its successor, Computer Services Corporation.

7. As of September 6, 2019, Plaintiff could no longer work because of anxiety, dysphoria, sleeplessness, high blood pressure, feeling of being overwhelmed, inability to function normally, all amounting to a psychiatric disability, as well as back pain requiring surgery. He received such benefits through September 9, 2020.

8. Plaintiff timely asserted claims under the individual policies on account of his psychiatric disability and back pain disability referred to in paragraph 7 but no benefits were paid under the individual policies based on the psychiatric disability and benefits on the back paid disability were paid only as of February 2, 2020, not November 19, 2019.

9. By letter dated July 7, 2020, Plaintiff was deemed entitled to benefits from Defendant under the individual policies under an own occupation standard of disability based on continuation of the same back pain referred to in paragraph 7 between February 1, 2020 through July 28, 2020. Subsequently, such benefits were continued through September 9, 2020.

10. By its letter dated July 7, 2021, Defendant denied payment of benefits to Plaintiff under the individual policies on account of his psychiatric condition.

11. By letter dated February 24, 2021, Plaintiff appealed the July 7, 2021denial of benefits on the basis of his back pain condition prior to February 1, 2020 or to any extent on the basis of his psychiatric condition. In his appeal, Plaintiff referred to numerous medical records submitted to Defendant confirming his psychiatric disability and the onset of his back pain disability as of no later than November 21, 2019 rather than February 1, 2020, dictating payment of benefits under the individual policies relating to his back pain disability as of December 5,

2019, 90 days after September 6, 2019, representing an examination period, and January 31, 2020, and likewise dictating payment under the individual disability policies on account of his psychiatric disability as of December 5, 2019.

12.     By letter dated December 3, 2021, Defendant finally denied additional benefits to Plaintiff under the individual policies on the basis of either his psychiatric condition or his back pain condition.

Claims

13.     For his first cause of action, Plaintiff would show that Defendant wrongfully denied unpaid benefits due to him under his individual policies. Defendant is accordingly liable under Texas law for such benefits, prejudgment interest and his attorney's fees and expenses and costs of court.

14.     For his second cause of action, Plaintiff would show that, to the extent it did not pay continuing benefits to Plaintiff under the individual policies, Plaintiff would show that Defendant violated its duty of good faith and fair dealing to Plaintiff in that it delayed making payment of benefits due to Plaintiff under the individual policies despite the fact that its liability to make payment of such benefits was clear. Defendant is accordingly liable for all benefits due but not paid to Plaintiff under the individual policies, compensatory damages, punitive damages, prejudgment interest and for costs of court.

15.     For his third cause of action, Plaintiff would show that, to the extent it did not pay continuing benefits to Plaintiff under the individual policies, Defendant violated Chapter 541 of the Texas Insurance Code in that it engaged unfair and deceptive practices by delaying making payment to Plaintiff due under the individual policies of benefits it should have made, and failed to avoid actions causing delay in the provision of benefits to which Plaintiff was entitled, despite

the fact that its liability to make such payments was clear. Specifically, Defendant engaged in one or more of the following practices in violation of Chapter 541 of the Texas Insurance Code: it failed to attempt in good faith to pay benefits due Plaintiff under the individual policies as and when appropriate even when its liability was reasonably clear; failed to promptly provide to Plaintiff a reasonable explanation of the factual and legal basis for the delay in payment of benefits due to Plaintiff; and failed to pay such benefits to Plaintiff within a reasonable time, without conducting a reasonable investigation of Plaintiff's claim to such benefits. Plaintiff is accordingly entitled to recover his actual damages, attorney's fees and expenses, pre-judgment interest, and costs of court, and on account of the nature of the conduct of Defendant, including but not limited to its knowing nature, statutory additional damages as well as damages for mental anguish.

16. For his fourth cause of action, Plaintiff would show that, to the extent it did not pay continuing benefits to Plaintiff under the individual policies, Defendant violated Chapter 542 of the Texas Insurance Code in that it did not timely investigate his claims under the individual policies, did not timely begin any investigation of the claims, did not timely accept or reject the claims, did not timely extend the deadline for deciding the claims and did not timely pay the claims. Specifically, after Plaintiff submitted his claims, Defendant did not timely accept or reject the claims within 15 days of the receipt of the claims, further, after Plaintiff submitted his appeal of the denial of his claims, Defendant did not timely accept or reject the claims within 15 days, or within any validly sought single extension under such provisions, and even any extension, Defendant did not timely accept or reject the claims within 15 days. Defendant has also failed to timely pay interest on amount due to Plaintiff on the claims. Plaintiff is accordingly entitled to recover his actual damages, attorney's fees and expenses, pre-judgment interest, and costs of court, statutory additional damages of 18% interest, attorney's fees and costs of court.

## Jury Demand

17. Plaintiff demands a jury to the full extent guaranteed by the United States Constitution with respect to his claims under the individual policies.

WHEREFORE, Plaintiff prays this Court grant his judgment against Defendant for all appropriate relief.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 379-0823
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFF
